UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                                                            Case No.: 21-20370

            Plaintiff,                          Hon. Gershwin A. Drain

v.

ALVIN J. BUFKIN,

           Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR A REDUCTION IN SENTENCE [#65]

### I.    INTRODUCTION

Presently before the Court is the Defendant Alvin J. Bufkin's Renewed Motion for a Reduction in Sentence, filed on May 5, 2025. Mr. Bufkin argues his serious health conditions, including end stage renal disease, dependence on renal dialysis, severe anemia, hypertension, and glaucoma are extraordinary and compelling circumstances warranting a reduction in sentence.

The Government filed a Response opposing Defendant's Renewed Motion for Compassionate Release on May 19, 2025. The Government concedes that Mr. Bufkin's serious medical conditions qualify as extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1)(A); however, the Government argues

a sentence reduction is not supported by the factors set forth in 18 U.S.C. § 3553(a).

Defendant filed a Reply in support of his present motion on June 6, 2025. A hearing on this matter was held on June 25, 2025. For the reasons that follow, the Court grants Mr. Bufkin's Renewed Motion for Compassionate Release.

## II.   FACTUAL BACKGROUND

On January 6, 2023, Mr. Bufkin entered a guilty plea on Counts 1, 3, 4 and 6 of the Indictment charging him with violations of 21 U.S.C. § 841(a)(1), possession with intent to distribute methamphetamine, 21 U.S.C. § 843(a)(6), unlawful possession of a tableting machine to manufacture a controlled substance, 21 U.S.C. § 843(a)(5), unlawful possession of a die to produce counterfeit controlled substance; and 18 U.S.C. § 922(g), possession of a firearm by a previously convicted felon. ECF No. 21. On December 11, 2023, this Court sentenced Mr. Bufkin to a custodial term of 96 months imprisonment and a four-year term of supervised release.

Mr. Bufkin, age 43, has always had a history of polycystic kidney disease, which is an inherited disorder in which clusters of cysts develop within the kidneys, causing them to enlarge and lose function over time. Defendant's mother and an uncle died from the disease. Around 2020, Mr. Bufkin was diagnosed with end-stage renal disease. The Court was advised of his condition at the time of

sentencing, including that his condition required him to undergo dialysis three days per week. In September of 2022, Mr. Bufkin was placed on the transplant wait list.[1]

On February 5, 2024, the Court granted Mr. Bufkin an extension of his voluntary surrender date to May 30, 2024, due to Mr. Bufkin having major surgery scheduled for March 13, 2024. However, after the extension was granted, Mr. Bufkin began experiencing complications from his polycystic kidney disease which resulted in his doctors delaying his surgery until April 26, 2024. On April 26, 2024, Mr. Bufkin had a double surgery–to remove his left diseased kidney and to repair two hernias. A biopsy of the tissue revealed cancer.[2] Because Mr. Bufkin was still hospitalized, his counsel filed a motion for an extension to surrender to the BOP on May 6, 2024. The Court granted counsel's motion and extended Mr. Bufkin's report date to August 30, 2024.

On August 7, 2024, counsel for Mr. Bufkin filed an Emergency Motion for Reduction in Sentence based on Defendant's serious health conditions, including the need to remove his right diseased kidney. The Court denied Defendant's Emergency Motion for a Sentence Reduction without prejudice concluding the motion was premature because Mr. Bufkin had not yet reported to his designated

---

[1] Once Defendant reported to the BOP, he was removed from the transplant list.
[2] The record is devoid of any evidence that the BOP has taken steps to treat Mr. Bufkin's cancer.

3

BOP facility, MCFP Springfield. The Court simultaneously filed an Order extending Mr. Bufkin's report date to January 6, 2025. On January 2, 2025, Mr. Bufkin's counsel contacted the Court to advise that he was scheduled to have his right kidney removed on January 8, 2025. The Court entered an Order extending Mr. Bufkin's report date to January 22, 2025. Mr. Bufkin's right kidney was also examined and cancerous cells were found. A mass was found in the area where his right kidney had been. Mr. Bufkin voluntarily surrendered on January 22, 2025.

Since his report date, Mr. Bufkin has not received a recommended MRI to determine whether the mass is a cancerous tumor. Mr. Bufkin was advised that due to budget cuts, transportation to get the MRI is on hold. Mr. Bufkin further reports that he requires testing regarding his prostrate. At the end of May, he had discharge at the site of his dialysis port and it was found to be a staph infection.

On February 19, 2025, counsel for Mr. Bufkin received an urgent phone call from Mr. Bufkin's uncle, Erskine Williams, who relayed that Mr. Bufkin had passed out during dialysis. The prison rushed an unresponsive Mr. Bufkin to the hospital where he received 9 transfusions of blood in order to get his hemoglobin level to an acceptable level. Mr. Bufkin's medical records from the BOP reveal that he continues to experience weakness and fatigue and that his medications list is three pages in length.

### III.  LAW & ANALYSIS

#### A. Standard of Review

Generally, district courts are prohibited from amending a sentence that they have previously imposed. *See* 18 U.S.C. § 3582(c); *United States v. Davis-Malone*, 128 F.4th 829, 831 (6th Cir. 2025). However, the statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  The compassionate release provision set forth in § 3582(c)(1)(A) allows district courts to reduce a term of imprisonment for "extraordinary and compelling reasons[,]" if the defendant "is not a danger to the safety of any other person or to the community[,]" and "the reduction is consistent with the policy statement issued by the United States Sentencing Commission.  U.S.S.G. 1B1.13(a)(1)-(3).  Under this provision, a defendant may bring a motion for compassionate release on his own behalf after 1) exhausting the BOP's administrative process, or 2) thirty days have passed from the warden's receipt of a request for release from the defendant—whichever is earlier.  *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020).

Before granting relief, the district court must conduct a three-step inquiry whereby the district court 1) finds "extraordinary and compelling" reasons warrant a sentence reduction, 2) ensures that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, and 3) considers the

applicable 18 U.S.C. § 3553(a) sentencing factors. Ultimately, courts have "substantial discretion" to grant or deny compassionate release under the test. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2000).

### B. Exhaustion

The Government concedes that Mr. Bufkin has exhausted his administrative remedies. Counsel submitted a formal request for a reduction in sentence to the Warden at MCFP Springfield on February 18, 2025. The Warden failed to respond within thirty days, thus Mr. Bufkin has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1105 (holding that defendants may move for compassionate release on their own behalf after (1) exhausting the BOP's administrative process, or (2) thirty days have passed from the warden's receipt of a request for early release–whichever is earlier).

### C. Extraordinary and Compelling

Defendant argues that his end stage renal disease and other health conditions are extraordinary and compelling reasons warranting a reduction in sentence. The Government concedes that Mr. Bufkin's end-stage renal disease qualifies as an extraordinary and compelling circumstance. Indeed, Defendant's end stage renal disease falls within the definition of extraordinary and compelling under § 1B1.13(b)(1)(A) because Mr. Bufkin "is suffering from a terminal illness (i.e., a

6

serious and advanced illness with an end-of-life trajectory)[,]" including "end-stage organ disease[.]" U.S.S.G. § 1B1.13(b)(1)(A).

Numerous courts, including in this district, have concluded that end-stage renal disease qualifies as an extraordinary and compelling medical circumstance warranting a sentence reduction. *See United States v. Jones*, No. 21-20434, 2024 U.S. Dist. LEXIS 45321, at *4  (E.D. Mich. Mar. 14, 2024) (concluding that the defendant's end stage renal disease is an extraordinary and compelling circumstance because the defendant "is currently facing a serious and advanced illness with an end-of-life trajectory."); *United States v. Greer*, No. 2:13-cr-20110, 2025 U.S. Dist. LEXIS 2700, at *10-11(E.D. Mich. Feb. 14, 2025) (finding that the defendant's end-stage renal disease and need for a kidney transplant were extraordinary and compelling circumstances warranting a sentence reduction); *United States v. Mabry*, No. 3:14-cr-96, 2024 WL3517809 (S.D. Ohio Jul. 24, 2024)(end-stage renal disease and poorly controlled diabetes were extraordinary and compelling circumstances warranting a reduction in sentence); *United States v. Cotinola*, 487 F. Supp. 3d 1132, 1136 (D.N.M. 2020) (internal quotation marks and citation omitted)("[T]he Court finds that Mr. Cotinola's dialysis-dependent end-stage kidney failure falls within the Commission's definition of qualifying terminal illness."); *United States v. Madoff*, 465 F. Supp. 3d 343 (S.D.N.Y. 2020)

7

(concluding stage five kidney disease is a terminal disorder with an end-of-life trajectory).

The parties dispute whether MCFP Springfield is able to adequately care for Mr. Bufkin's conditions. Defendant argues that MCFP Springfield is not equipped to care for Mr. Bufkin's health conditions as evidenced by the need for him to be hospitalized so he could receive 9 blood transfusions to address his worsening anemia. Conversely, the Government maintains that MCFP Springfield is a medical referral center designated for male offenders, where Mr. Bufkin has "routine access to a PCP, as well as any necessary specialists required to appropriately monitor and treat Mr. Bufkin's medical conditions." ECF No. 53. The Government asserts that MCFP Springfield has a dialysis unit on site, which can accommodate Mr. Bufkin's need for dialysis three times per week. The Government further argues that the incident in February of this year requiring blood transfusions and hospitalization does not show that Mr. Bufkin received sub-par or inadequate medical care. Rather, staff at MCFP Springfield promptly transferred him to a local hospital for advanced care.

Contrary to the Government's claims, the evidence before the Court does not demonstrate MCFP Springfield is able to adequately care for Mr. Bufkin's myriad health conditions. The Court is particularly concerned about the lack of treatment for the mass and cancerous cells found after his kidneys were removed. Mr. Bufkin

reports that no one at MCFP Springfield has discussed cancer treatment with him. In fact, MCFP Springfield has not yet taken Mr. Bufkin for an MRI that was recommended after his surgery in January of this year revealed a large mass.  He was advised that budget cuts are precluding his transport for an MRI.  MCFP Springfield has also not taken any steps to provide necessary testing on his prostrate.  Failure to provide Mr. Bufkin with needed follow-up care for suspected cancer suggests MCFP Springfield is not equipped to provide the long-term and specialized medical care Mr. Bufkin requires, and without such care, Mr. Bufkin is at risk of serious deterioration in health or death.  *See* U.S.S.G. § 1B1.13(b)(1)(C). Moreover, the need for a five-day hospitalization suggests that Mr. Bufkin's anemia is not being well managed by staff at MCFP Springfield.

For all of these reasons, the Court concludes Mr. Bufkin has demonstrated extraordinary and compelling circumstances warranting a sentence reduction.

### D.  18 U.S.C. § 3553(a)

As to the  § 3553(a) factors, the Court first notes that Defendant's offenses are serious.  Defendant purchased a tableting machine and enough pill binding powder to manufacture 10,000 pills.  A search of his residence also uncovered a loaded 9 mm pistol.  Defendant has an extensive criminal history including property crimes, assaultive conduct and controlled substance offenses.  He has three prior felony convictions and his compliance with probation has been spotty at

best. However, Mr. Bufkin's swiftly deteriorating health conditions do not suggest that he poses a continued danger to anyone in the community. Mr. Bufkin's uncle, Erksine Williams, appeared at the hearing on this matter. Mr. Williams advised the Court that Mr. Bufkin would live with him upon release. Mr. Williams confirmed that he would be responsible for taking Mr. Bufkin to his medical appointments, and that he would contact the probation department if Mr. Bufkin leaves Mr. Williams' residence and cannot be located. Finally, the Court will impose home confinement and location monitoring technology as conditions of Mr. Bufkin's supervised release, which will ensure the community is protected and that he and others are deterred from engaging in similar offense conduct.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Renewed Motion for Compassionate Release [#65] is GRANTED.

Defendant's Motion for Reduction in Sentence [#59] is MOOT.

Defendant's custodial sentence is reduced to time served on Counts 1, 3, 4 and 6 to run concurrently to a four-year term of supervised release on Count 1 and one year on Counts 3, 4 and 6 to run concurrently to Count 1.

Defendant shall be immediately released from BOP custody upon entry of the instant Opinion and Order. Defendant shall, upon release, commence his 4-

year term of supervised release. Within 24 hours of release, Defendant shall call the Probation Department at (313) 234-5400 to schedule an appointment.

As a condition of Mr. Bufkin's supervised release, Defendant will be placed on home confinement. Defendant shall be monitored by location monitoring technology and he must follow the rules and regulations of the location monitoring program. Defendant is restricted to his residence at all times except for medical necessities and court appearances or other activities specifically approved by the Court. The court waives the cost of the location monitoring program.

Defendant is HEREBY ADVISED that, upon a finding of a violation of the conditions of supervised release, the Court may (1) revoke supervision and impose a custodial sentence, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

SO ORDERED.

Dated: June 25, 2025                    /s/Gershwin A. Drain
                                        GERSHWIN A. DRAIN
                                        United States District Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
June 25, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager

...

year term of supervised release. Within 24 hours of release, Defendant shall call the Probation Department at (313) 234-5400 to schedule an appointment.

As a condition of Mr. Bufkin's supervised release, Defendant will be placed on home confinement. Defendant shall be monitored by location monitoring technology and he must follow the rules and regulations of the location monitoring program. Defendant is restricted to his residence at all times except for medical necessities and court appearances or other activities specifically approved by the Court. The court waives the cost of the location monitoring program.

Defendant is HEREBY ADVISED that, upon a finding of a violation of the conditions of supervised release, the Court may (1) revoke supervision and impose a custodial sentence, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

SO ORDERED.

Dated: June 25, 2025                    /s/Gershwin A. Drain
                                        GERSHWIN A. DRAIN
                                        United States District Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
June 25, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager